**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| Trumbull Insurance Company, as subrogee for Daniel R. Hryciak | * | |
| | * | |
| and | * | |
| Daniel R. Hryciak | * | Case No.: |
| Plaintiffs, | * | Jury Trial Demanded |
| v. | * | |
| Courtyard Management Corporation | * | |
| Serve On: | * | |
| Corporate Creations Network, Inc. 2 Wisconsin Circle, #700 Chevy Chase, Maryland  20815 | * | |
| | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiffs Trumbull Insurance Company, ("Trumbull"), as subrogee for Daniel R.

Hryciak, and Daniel R. Hryciak complain of Defendant Courtyard Management

Corporation ("CMC"), and allege upon information and belief as follows:

### Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

the parties are citizens of different states.  Venue is proper in this Court because

Courtyard Management Corporation is a foreign corporation registered to do business in

the State of Maryland and has its principal office in Maryland.

## Parties

1.      Plaintiff Trumbull is a corporation organized and existing under the laws of the State of Connecticut.

2.      Plaintiff Daniel R. Hryciak is a resident of the state of Virginia.

3.      Defendant Courtyard Management Corporation is a corporation organized and existing under the laws of the State of Delaware, registered as a foreign corporation in the State of Maryland.  Courtyard Management Corporation owns and/or operates the Dulles Marriott Town Center Courtyard ("the Dulles Marriott").

## Facts

4.      Mr. Hryciak is employed by Reeds Jewelers, Inc. ("Reeds").

5.      On August 7, 2013, Mr. Hryciak was a registered guest at the Dulles Marriott, where he was attending a business function for Reeds, conducting interviews at a job fair for Reeds' new location.

6.      The owner of the Dulles Marriott owed a duty to Mr. Hryciak, as a business invitee, to use reasonable and ordinary care to keep the premises safe for his use and to protect him from injury caused by an unreasonable risk that he, by exercising ordinary care for his own safety, would not discover.

7.      At approximately 2:30 pm, Mr. Hryciak slipped and fell on a wet or otherwise slippery tile floor, suffering serious and permanent injury.  Courtyard Management Corporation's failure to post warning signs in the immediate area of the slippery floor, or to put up barriers or other protections where he fell, was negligent.

8.      Courtyard Management Corporation's negligence proximately caused Mr. Hryciak's injury and caused him to suffer great pain, suffering, mental anguish, loss of

work, lost wages and a permanent partial disability of his right elbow.  All such injuries were caused solely by the negligence of Courtyard Management Corporation, without any negligence on the part of Mr. Hryciak.

9.      As the accident occurred during the course of Mr. Hryciak's employment, Reeds reported Mr. Hryciak's injury to Trumbull Insurance Company, Reeds' insurer for workers' compensation benefits in Maryland and Virginia.

10.     As obligated by the contract of insurance for workers' compensation between Reeds and Trumbull, Trumbull paid Mr. Hryciak's medical bills and short term disability claim, as ordered by the Virginia Worker's Compensation Commission.  Mr. Hryciak's medical bills and short term disability benefits totaled $46,462.20.

Trumbull sought reimbursement from the Defendant for the $46,462.20 in workers' compensation benefits it paid to, and on behalf of, Mr. Hryciak as a result of Courtyard Management Corporation's negligence.  Defendant, however, refused to accept liability for Mr. Hryciak's injuries and denied Trumbull's demand for reimbursement.

<u>**COUNT I**</u>

**Negligence**
**(Plaintiff Daniel R. Hryciak's Claims Against Defendants)**

11.     Plaintiffs include the foregoing paragraphs as if fully set forth herein.

12.     Defendant owed a duty to Mr. Hryciak to use ordinary care to keep its premises in a reasonably safe condition, and further, to warn of any unsafe condition that it knew, or by the use of ordinary care should have known, existed.

13.     Defendant was aware that the tile floor had recently been mopped.  Further, it was aware that the floor's condition presented a danger.  As a direct result of Defendant's

breach of its duty, Mr. Hryciak was injured.  Had either the known slippery floor condition been rectified, or adequate warnings been posted at both ends of the hallway (at a minimum), Mr. Hryciak would not have been injured.

14.     Mr. Hryciak suffered both physical and economic harm as a result of Defendant's breach of its duty.  His right elbow was fractured, requiring surgery to repair it; he suffered a great deal of pain from the injury, the surgery and his rehabilitation; he has permanent diminished use of his right arm; and he lost wages during the eighteen days he was unable to work.

15.     CMC is liable for Mr. Hryciak's injuries due to its negligence.

WHEREFORE, Mr. Hryciak respectfully requests this Honorable Court enter judgment against Defendant Courtyard Management Corporation in an amount of at least $100,000 in compensatory damages for Mr. Hryciak's pain and suffering, as well as $4,132.54 in economic damages for the wages (beyond those paid by Trumbull) lost as a result of his injuries, and any other relief as this Court may deem appropriate.

## COUNT II

**Negligence**
**(Trumbull Insurance Company's Demand for Reimbursement**
**of Claims Paid to Mr. Hryciak Under Reeds Jewelers. Inc.'s**
**Workers' Compensation Insurance)**

16.     Plaintiffs include the foregoing paragraphs as is fully set forth herein.

17.     Trumbull is subrogated to all the rights and duties of Mr. Hryciak, to the extent of the payments it made, and may enforce any such rights in its own name.

18.     Trumbull fulfilled its obligation to its insured, Reeds, by paying Mr. Hryciak's medical expenses and salary claims.

19.     The injuries Mr. Hryciak sustained were the direct result of the Defendant's negligence, as shown above; therefore, Defendant is liable for Mr. Hryciak's medical expenses and lost wages.

20.     Trumbull expended $44,961.51 in medical expenses to various medical providers, and paid $1,500.69 in lost wages to Mr. Hryciak through Reeds' Workers' Compensation Insurance.  Trumbull is entitled to, and seeks, reimbursement of the $46,462.20 that it expended on behalf of Mr. Hryciak.

WHEREFORE, Trumbull Insurance Company respectfully requests this Honorable Court enter judgment against Defendant Courtyard Management Corporation and in favor of Trumbull Insurance Company in the amount of $46,462.20.

Dated:  October 22, 2014

_/s/ J. Stephen Simms_
J. Stephen Simms (#04269)
John T. Ward  (#01507)
Simms Showers LLP
201 International Circle, Ste 250
Hunt Valley, Maryland  21030
Ph:     410-783-5795
Fax:    410-510-1789
jssimms@simmsshowers.com
jtward@simmsshowers.com